Louis J. Ebert (Bar No. 17527)
Rosenberg Martin Greenberg, LLP
25 South Charles Street, 21st Floor
Baltimore, MD  21201
(410) 649-4995

Attorneys for RL BB ACQ III-MD SHP, LLC

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | * | |
| LAMEES ALROMANI | * | Case No. 16-13854 |
| Debtor | * | (Chapter 7) |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

### MOTION FOR 2004 EXAMINATION OF BANK OF AMERICA

RL BB ACQ III-MD SHP, LLC, assignee of RL BB Acquisition, LLC ("RL BB"), creditor and party in interest, by its undersigned attorney, hereby files this Motion for the 2004 Examination of Bank of America (the "Motion") pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  In support, RL BB respectfully represents as follows:

### Jurisdiction and Venue

1.    This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for the relief requested is Bankruptcy Rule 2004.

### Background

2. On November 10, 2016 Lamees Alromani (the "Debtor") filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") commencing the instant proceeding.

3. H. Jason Gold has been appointed the Chapter 7 Trustee of the Debtor's estate.

4. RL BB holds a judgment against the Debtor, and others, in excess of three million dollars which is recorded in the Fairfax Circuit Court as Judgment no. 520576. As such, RL BB is both a creditor of the Debtor and a party in interest with standing to move under Bankruptcy Rule 2004.

5. RL BB is currently investigating the Debtor's financial and business affairs as well as her entitlement to a discharge of the debt she owes to RL BB.

6. In the Debtor's schedules [Dkt. 12] she indicates that she currently holds various accounts with Bank of America ("BOA").

## Legal Standard and Argument

7. Bankruptcy Rule 2004 provides that, upon the motion of any party in interest, the Court may authorize a party to examine <u>any entity</u> on issues relate to the acts, conduct, or property or to the liabilities and financial condition of a debtor, or to any matter that may affect the administration of a debtor's estate, or to the debtor's right to a discharge, and to any other matter relevant to the case. Fed. R. Bankr. P. 2004 (emphasis added).

8. Courts in this district, among others, have "long held that the scope of an examination under Bankruptcy Rule 2004 is extremely wide; some going as far as saying that 2004 allows fishing expeditions." *In re Nucletron Mfg. Corp.*, 1994 WL 16191611 at *2 (Bankr. E.D.Va. 1994); *In re Szadlowski*, 198 B.R. 140, 141 (Bankr. D. Md. 1996); *n re Valley Forge*

2

*Plaza Associates*, 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990).

9. The purpose of a 2004 Examination is to aid in the discovery of assets and the unearthing of frauds. *In re GHR Energy Corp.*, 33 B.R. 451, 453 (Bankr. D. Mass 1983); 9 Collier on Bankruptcy P. 2004.02 (16th ed. 2015). The target of this inquiry can be <u>any entity</u> "related to any matter which may affect the administration of the debtor's estate." *Hope 7 Monroe St. L.P. v. Riaso, LLC*, 743 F.3d 867, 874 (D.C. Cir. 2014).

10. At present, RL BB is investigating whether the Debtor has fully and accurately revealed all of her assets and whether she is entitled to a discharge of the debt owed to RL BB. Considering that the Debtor has a banking relationship with BOA, RL BB submits that cause exists to authorize it to examine BOA in connection with this investigation. If the Motion is granted, RL BB intends to proceed by first issuing a request for production of documents to BOA and thereafter, if necessary, deposing BOA's corporate designee.

11. The request for the production of documents and subsequent deposition, if necessary, is proper and should be authorized by the Court.

12. This Motion need not be accompanied with a memorandum of points and authorities pursuant to Local Bankruptcy Rule 9013-1 (G).

**WHEREFORE**, for the reasons set forth in this Motion, RL BB requests that this Court enter an Order:

A. Directing BOA to timely produce the documents set forth as <u>Exhibit A</u>, within fourteen (14) days after service of the Order granting this Motion and a subpoena for same;

B. Directing BOA, if and when requested, to appear for oral examination or examinations, through its corporate designee, under oath in accordance with Bankruptcy Rule

2004, at a mutually agreeable location in the Commonwealth of Virginia, on dates scheduled by mutual agreement of the parties, or, failing that, on not less than fourteen (14) days' notice given by the Debtor; and

      C.    Granting such other and further relief as this case may require and the Court deems just and appropriate.

Dated: February 15, 2017

/s/ Louis J. Ebert
Louis J. Ebert (Bar No. 17527)
Rosenberg Martin Greenberg, LLP
25 South Charles Street, 21st Floor
Baltimore, MD  21201
(410) 649-4995

*Attorneys for RL BB ACQ III-MD SHP, LLC*

# **EXHIBIT A**

## **Definitions**

As used in this request, the following words shall be defined as follows:

1) "Document" includes, but is not limited to, originals where available, or otherwise a carbon copy, xerox copy or other copy, including each non-identical copy (whether different from the original because of marginal notes, or other material inserted or attached thereto, or otherwise) of each item of correspondence, letters, electronic mail, memoranda, messages, telephone bills, notes, offers, orders, confirmations, contracts, agreements, reports, punch sheets, punch lists, agendas, cables, telegrams, diaries, appointment books, invoices, ledgers, returns, accounts, checks, check stubs, drafts, statements, indexes, data sheets, data processing cards, logs, worksheets, service orders, expense vouchers, maintenance records, inspection reports, licenses, permits, settlement paperwork, printing, pictures, advertisements, slides, film, microfilm, micro fiche and other written matter of every kind and character; notes, memoranda, transcripts, recording tapes, recording disks or other records of oral communications; and graphs, books, charts, tables, prospectuses, tabulations, worksheets, compilations, summaries, minutes, lists, pamphlets, brochures, drawings, renderings, diagrams, sketches, etchings, tracings, plans, blueprints, posters, periodicals, publications, bulletins, computer printouts, studies or other papers in the possession, custody or control of **Bank of America**, or its agents, employees, attorneys or representatives, including documents which were prepared by **Bank of America**'s agents, employees, attorneys or representatives, which did not leave the custody of the person preparing it.

2) "You" or "Your" refers to **Bank of America**, its agents, attorneys, employees,

subsidiaries, joint venturers, partners, predecessors, successors and all other persons acting for, purporting to act for, or subject to the control of **Bank of America**.

3)   "And" or "Or" shall include the conjunctive as well as the disjunctive.

4)   "Communications" include correspondence, discussions, telephone conversations and all other forms of written or oral communication.

### Documents to be Produced

Any and all documents in your possession, custody or control that relate or reflect or refer to:

1.   Accounts (including, but not limited to, copies of statements, items, memoranda, evidence of wire transfers, debits, credits and cashier's checks, and as to any checks of any kind, copies of the front and back) maintained at you from and after January 1, 2009, by:

   a.   Ali Al-Attar and/or Lamees Al-Romani (hereafter collectively referred to as "Judgment Debtors" or individually as "Judgment Debtor").

   b.   Any individual or entity for which any Judgment Debtor has or had signature authority).

   c.   Any individual or entity over which any Judgment Debtor exercises or exercised control.

   d.   Any and all entities for which Judgment Debtor is or was an officer, member, employee, or had a direct or indirect ownership interest in.

2.   Loans made or held by you since January 1, 2009 (documents for this request shall also include, but not be limited to: loan documents, credit memorandums, loan applications, tax returns, financial statements and other papers reflecting the financial affairs of and assets owned

by those individuals or entities listed in paragraph 2(a) through paragraph 2(d) below) to:

    a.    Any Judgment Debtor.

    b.    Any individual or entity for which any Judgment Debtor has or had signature authority.

    c.    Any individual or entity over which any Judgment Debtor exercises or exercised control.

    d.    Any and all entities for which any Judgment Debtor is or was an officer, member, employee, or had a direct or indirect ownership interest in.

3.    Personal financial statements and records (including but not limited to, copies of tax returns, loan applications, etc.) for:

    a.    Any Judgment Debtor.

    b.    Any individual or entity for which any Judgment Debtor has or had signature authority.

    c.    Any individual or entity over which any Judgment Debtor exercises or exercised control.

    d.    Any and all entities for which any Judgment Debtor is or was an officer, member, employee, or had a direct or indirect ownership interest in.

4.    Lockboxes maintained by you for the benefit of:

    a.    Any Judgment Debtor.

    b.    Any individual or entity for which any Judgment Debtor has or had signature authority.

    c.    Any individual or entity over which any Judgment Debtor exercises or

exercised control.

   d. Any and all entities for which any Judgment Debtor is or was an officer, member, employee, or had a direct or indirect ownership interest in.

  5. Any and all payments (including, but not limited to, copies of statements, items, memoranda, evidence of wire transfers, debits, credits and cashier's checks, and as to any checks of any kind, copies of the front and back), transfers/sales or exchanges of funds or other property/assets, since January 1, 2009, made between you and:

   a. Any Judgment Debtor.

   b. Any individual or entity for which any Judgment Debtor has or had signature authority.

   c. Any individual or entity over which any Judgment Debtor exercises or exercised control.

   d. Any and all entities for which any Judgment Debtor is or was an officer, member, employee, or had a direct or indirect ownership interest in.

  6. Any and all payments (including, but not limited to, copies of statements, items, memoranda, evidence of wire transfers, debits, credits and cashier's checks, and as to any checks of any kind, copies of the front and back), transfers/sales or exchanges of funds or other property/assets, since January 1, 2009, received by you from:

   a. Any Judgment Debtor.

   b. Any individual or entity for which any Judgment Debtor has or had signature authority.

   c. Any individual or entity over which any Judgment Debtor exercises or

exercised control.

        d.    Any and all entities for which any Judgment Debtor is or was an officer, member, employee, or had a direct or indirect ownership interest in.

## SERVICE LIST

| | |
|---|---|
| Lamees Alromani<br>8901 Gallant Green Drive<br>McLean, VA  22102 | H. Jason Gold<br>Nelson Mullins Riley & Scarborough LLP<br>101 Constitution Avenue, N.W., Suite 900<br>Washington, DC  20001 |
| Office of the U.S. Trustee<br>600 East Main Street, Suite 301<br>Richmond, VA  23219 | Richard Owen Bolger, Esq.<br>Bolger Law Firm, PLLC<br>10347 Democracy Lane<br>Fairfax, VA  22030 |
| Bank of America<br>PO Box 26012<br>Greensboro, NC  27420 | Citi<br>P.O. Box 6190<br>Sioux Falls, SD  57117 |
| Bank of America<br>100 North Tryon Street<br>Suite 120<br>Charlotte, NC 28202 | Bank of America<br>c/o CT Corporation System<br>4701 Cox Road, Suite 285<br>Glen Allen, VA 23060 |

4852-7094-2786, v.  1